CA 08 112 ML

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARCOS RODRIGUEZ
Petitioner

VS.

WARDEN DAVID MCCAULEY AND THE STATE OF RHODE ISLAND,
Respondents

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. 2241**

Respectfully submitted:

MARCOS RODRIGUEZ
Pro Se

CA 08 112 ML

**PETITION UNDER 28 USC SECTION 2241 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**UNITED STATES DISTRICT COURT** **DISTRICT OF RHODE ISLAND**

MARCOS RODRIGUEZ Prisoner No. INTAKE MOD D-121281-B,

SUPREME COURT CASE NO. 2004-190-C.A.
SUPERIOR COURT CASE NO. P1/00-2232A

PLACE OF CONFINEMENT: INTAKE CENTER, CRANSTON, RHODE ISLAND

MARCOS RODRIGUEZ V. DAVID MCCAULEY, WARDEN AND
THE STATE OF RHODE ISLAND
THE ATTORNEY GENERAL OF THE STATE OF RHODE ISLAND

## PETITION

1. Names and location of Courts: Supreme Court of the State of Rhode Island and the Superior Court of the State of Rhode Island, both at 250 Benefit Street, Providence, Rhode Island

2. Date of Conviction: No conviction

3. Length of: Not Applicable

4. Nature of Offense involved: Two counts, Kidnapping with Intent to Extort and Conspiracy to Commit Kidnapping, See Exhibit A, pending indictment

5. What was your plea? Not Guilty

6. If you pleaded not guilty, what kind of trial did you have? No trial as yet.

7. Did you testify at the trial: Not applicable

8. Did you appeal from the judgment of conviction? I have filed an appeal from a pre-trial order denying my motion to dismiss on the grounds of double jeopardy.

9. Name of Court: Supreme Court of the State of Rhode Island

Result? My appeal was denied

Date of result: March 8, 2007 The opinion is attached as Exhibit B

Grounds raised: Double Jeopardy, I have not filed a petition for certiorari in the United States Supreme Court.

10. Have you previously filed any motion? Yes

11. Prior to the appeal, I filed a motion to dismiss on the grounds of double jeopardy in the Superior Court of the State of Rhode Island. I received an evidentiary hearing. The motion was denied on February 3, 2004. I then perfected my appeal to the Supreme Court of the State of Rhode Island.

12. Ground One: Violation of Fifth Amendment to the United States Constitution to be protected against double jeopardy.

Ground Two: Violation of Article I, Section 7of the Rhode Island Constitution to be protected against double jeopardy.

Ground Three: Violation of Fourteenth Amendment to the United States Constitution, deprived of Due Process of Law

Ground Four: Violation of Article I, Section 10 of the Rhode Island Constitution, deprived of due process of law.

## SUMMARY OF SUPPORTING FACTS

On or about May 23, 1999, Ricardo Gomez was kidnapped in Rhode Island. Two days later his remains were found under the Whitestone Bride in the Bronx, New York. Police officials in New York and Rhode Island identified two alleged perpetrators, your Petitioner, Marcos Rodriguez and Edward Pozo. Both defendants were arrested in the State of New York.

The Attorney General for the State of Rhode Island made an extradition request for Edward Pozo. No request was filed for the extradition of Marcos Rodriguez.

The Grand Jury in the State of Rhode Island returned the instant indictment (Exhibit A). This indictment did not charge Marcos Rodriguez with the crime of murder.

The Grand Jury in the State of New York returned an indictment against Petitioner, Marcos Rodriguez, charging felony murder. The underlying felony was the kidnapping in the State of Rhode Island. This indictment did not charge Marcos Rodriguez with the substantive crime of kidnapping.

The Grand Jury in each state considered the evidence during the same time-period and both indictments were filed at approximately the same time.

In December 2001, Petitioner was tried and convicted in New York of second-degree felony murder and was sentenced to serve twenty-five years to life. Under the Interstate Agreement on Detainers Act, your Petitioner was subsequently brought to Rhode Island to be tried for the underlying felony of kidnapping.

Petitioner moved, under Rule 12(b)(2) of the Superior Court Rules of Criminal Procedure to dismiss the indictment on double jeopardy grounds.

An evidentiary hearing was held on January 30, 2004 and February 3, 2004. An order denying defendant's motion was entered on April 18, 2005. A copy of that order is attached as Exhibit C.

The defendant moved the Supreme Court of the State of Rhode Island to stay his criminal trial pending appeal. That motion was granted on April 28, 2005.

On or about March 8, 2007, the Supreme Court of the State of Rhode Island denied Petitioner's appeal. (See Exhibit B).

13. The grounds set forth above in paragraph 12 were presented to the Court.

14. Currently, I do not have any pending petitions or appeals, either state or federal. Previously, I brought a 2254 Petition to this Court. The Assistant Attorney General alleged that I was not entitled to make a 2254 motion because, under 1st Circuit law, I am required to bring my application in the form of a 2241 application. My application was procedurally dismissed. There has been no decision on the merits. I believe the facts peculiar to my case entitle me to make my application in the form of a 2254 application, (should the Court agree I ask that this application be converted to a 2254 application, nunc pro tunc).

15. At all stages, I was represented by Raymond Sussman, who was admitted pro hac vice. He is a New York attorney. His current address is 4523 Avenue H, Brooklyn, New York 11234. I anticipate he will move this court to represent me, pro hac vice.

16. I have not been sentenced in the State of Rhode Island.

17. I am presently serving a sentence of 25 years to life in the State of New York for the same offense. The Supreme Court of the State of New York, Bronx County imposed that sentence in December 2001. I hope to file a petition

attacking that judgment in the future when I return to New York. I am currently in Rhode Island pursuant to the Interstate Agreement on Detainers Act.

18. The Attorney General of the State of Rhode Island concedes that the kidnapping of Ricardo Gomez is the same kidnapping that constituted the underlying felony in the felony murder prosecution in the State of New York.

19. A criminal defendant may collaterally appeal an adverse ruling on a defense of double jeopardy. Abney v. United States, 431 U.S. 651, 660, 97 S. Ct. 2034, 52 L.Ed2d 651 (1977). See also Sell v. U.S., 539 U.S. 166, 123 S.Ct. 2174 (2003) and Will v. Hallock, 546 U.S. 345, 126 S.Ct. 952, 163 L.Ed.2d 836. Your Petitioner claims a constitutional right not to be tried.

This Court has jurisdiction to consider this Writ of Habeas Corpus pursuant to Nelson v. George, 399 U.S. 224, 90 S. Ct. 1963, 26 L.Ed.2d 578 (1970).

20. The decision of the Supreme Court of the State of Rhode Island was contrary to clearly established Federal law as determined by the Supreme Court of the United States. The double jeopardy clause in the Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb". This constitutionally protected right is applicable to the State of Rhode Island through the Due Process Clause of the Fourteenth Amendment.

It is the appellant's position that when the conviction for the greater crime, felony murder, could not be had without conviction for the lesser crime, the kidnapping, the double jeopardy clause bars prosecution for the lesser crime

after conviction for the greater one. Harris v. Oklahoma, 433 U.S. 682; 97 S. Ct. 2912; 53 L. Ed. 2d 1054 (1977)

The Supreme Court of the United States in Illinois v. Vitale, 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. 2d (1980) explained their reasoning in Harris v. Oklahoma (supra). They stated:

**"In Harris, we held, without dissent, that a defendant's conviction for felony murder based on a killing in the course of an armed robbery barred a subsequent prosecution against the same defendant for the robbery.... [FN9] But for the purposes of the Double Jeopardy Clause, we did not consider the crime generally described as felony murder as a separate offense distinct from its various elements. Rather, we treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense."**

In a concurring opinion in the case of Lewis V. United States, 523 U.S. 155, 118 S. Ct. 1135, 140 L.Ed.2d 271 (1998), Justice Scalia provided insight into the distinction between Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182 76 L. Ed. 306, 309 (1932) and Harris v. Oklahoma. Supra.

Justice Scalia stated:

**"The Blockburger test, however, establishes what constituted the "same offence" for purposes of the traditional practice that underlies the Double Jeopardy Clause, U.S. Const., Amdt. 5. That constitutional guarantee not only assumes a scheme of "offences" much more orderly than those referred to by the ACA (since they are the offenses designed by a single sovereign), but also pursues policy concerns that are entirely different. When it is fair to try a defendant a second time has little to do with when it is desirable to subject a defendant to two separate criminal prohibitions. Thus, for example, double jeopardy law treats greater and lesser included offenses as the same, see, e.g. Harris v. Oklahoma, 433 U.S. 6892, 97 S. Ct. 2912, 53 L. Ed. 2d 1054 (1977) (per curiam), so that a person tried for felony murder cannot subsequently be prosecuted for the armed robbery that constituted the charged felony. That is fair enough;...."**

In Whalen v. United States, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980) the court prohibited a consecutive sentence for felony murder (the underlying felony being rape) and for the rape itself. The Court stated:

**"In this case, resort to the *Blockburger* rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that "each provision requires proof of a fact which the other does not." A conviction for *killing in the course of a rape cannot be had without proving all the elements of the offense of rape. See *United States v. Greene*, 160 U.S.App.D.C. 21, 34, 489 F.2d 1145, 1158 (1973). Cf. *Harris v. Oklahoma*, 433 U.S. 682, 682-683, 97 S.Ct. 2912, 2912-13, 53 L.Ed.2d 1054. The Government contends that felony murder and rape are not the "same" offense under *Blockburger*, since the former offense does not in all cases require proof of a rape; that is, D.C.Code § 22-2401 (1973) proscribes the killing of another person in the course of committing rape *or* robbery *or* kidnapping *or* arson, etc. Where the offense to be proved does not include proof of a rape-- for example, where the offense is a killing in the perpetration of a robbery-- the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under *Blockburger*. In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense. There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions. It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it. [FN8] To the extent that the Government's argument persuades us that the matter is not entirely free of doubt, the doubt must be resolved in favor of lenity. See *Simpson v. United States*, 435 U.S. 6, 14-15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70; see also n. 10, *infra*.**

**FN8. Contrary to the view of the dissenting opinion, we do not in this case apply the *Blockburger* rule to the facts alleged in a particular indictment. *Post*, at 1447-1449. We have simply concluded that, for purposes of imposing cumulative sentences under D.C.Code § 23- 112, Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of rape."**

The same line of reasoning was utilized in U. S. V. Dixon, 509 U.S. 688, 113 S. Ct. 2189 (1993). In that case, the Supreme Court, Justice Scalia, held that: (1) double jeopardy protections apply to nonsummary criminal contempt prosecution; (2) double jeopardy precluded prosecution of defendant for drug offense following conviction for criminal contempt based on violation of conditional release order which included prohibition on violation of the drug laws; (3) double jeopardy precluded prosecution for assault on his wife following prosecution for criminal contempt for violating civil protection order which prohibited assault on her; (4) double jeopardy protections do not require that subsequent prosecution satisfy a "same conduct" test; and (5) prosecution for violation of civil protection order by assaulting his wife did not preclude subsequent prosecutions for assault with intent to kill and threatening to kidnap or injure another.

The Court stated:

> **In this situation, in which the contempt sanction is imposed for violating the order through commission of the incorporated drug offense, the later attempt to prosecute Dixon for the drug offense resembles the situation that produced our judgment of double jeopardy in *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) *(per curiam)*. There we held that a subsequent prosecution for robbery with a firearm was barred by the Double Jeopardy Clause, because the defendant had already been tried for felony murder based on the same underlying felony. We have described our terse *per curiam* in *Harris* as standing for the proposition that, for double jeopardy purposes, "the crime generally described as "felony murder" is not "a separate offense distinct from its various elements." *Illinois v. Vitale*, 447 U.S. 410, 420-421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980). Accord, *Whalen v. United States*, 445 U.S. 684, 694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980). So too here, the "crime" of violating a condition of release cannot be abstracted from the "element" of the violated condition. The *Dixon* court order incorporated the entire governing criminal code in the same manner as the *Harris* felony-murder statute incorporated the several enumerated felonies. Here, as in *Harris*,**

**the underlying substantive criminal offense is "a species of lesser-included offense." [FN2] *Vitale, supra,* 447 U.S., at 420, 100 S.Ct., at 2267. Accord, *Whalen, supra.***

The United States Supreme Court has been consistent. Repeatedly, they address the underlying felony of a felony-murder prosecution as a lesser-included offence.

The Supreme Court of the State of Rhode Island did not apply applicable federal case law. Their decision ignores constitutionally protected rights.

21. CPL 40.20, New York's statutory double jeopardy provision, generally prohibits successive prosecutions for two offenses based on a single act or criminal transaction (*see,* People v Abbamonte, 43 NY2d 74, 81; see also, Matter of Schmidt v Roberts, 74 NY2d 513, 517; Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d 560, 565).

22. In a case of felony murder, the underlying felony being arson, the State of Rhode Island reaches the same result. State v. Doyon, 416 A.2d 130 (1980). See also, State v. Powers, 526 A. 2d 489 and State v. Anthony, 422 A.2d 921(1980). In Mastracchio v. Houle, 416 A.2d 116, the Court stated:

**"Separate convictions in respect to felony murder and the underlying felony charge, which was an indispensable element in the greater offense, are specifically forbidden by our holding in State v. Innis, R.I., 391 A.2d 1158 (1978) pursuant to principles enunciated in Harris v. Oklahoma, 433 U.S. 682, 97 S. Ct. 2912, 53 L.Ed.2d 1054 (1977) and earlier foreshadowed by our holdings in State v. Grullon, 117 R.I. 682, 371 A.2d. 265(1977), and State v. Boudreau, 113 R. I. 497, 322 A.2d 626 (1974)."**

22. The State of Rhode Island resorts to the dual sovereignty doctrine to justify a second successive prosecution for the underlying felony arising from a felony murder conviction. They ignore both applicable federal law, the Constitution of

the United States, the law of the State of New York and the Constitution of the State of New York, and *their own law* and their own constitutional principles in respect to cases involving felony murder and the underlying felony charge. The doctrine of dual sovereignty does not give the State of Rhode Island the right to violate its own case law and its own constitution. Assuming, ad arguendo, that they are the sole sovereign, as they claim to be, the State of Rhode Island must obey its own law. The State of Rhode Island seeks to do what their law says they are "specifically forbidden" from doing. Mastracchio v. Houle, 416 A.2d 116. This is unfair and denies both substantive and procedural due process of law. It constitutes selective prosecution. As the only person to have ever been subjected to successive prosecutions for felony murder and the underlying felony in either the State of New York or the State of Rhode Island it is respectfully submitted, this second prosecution should not be permitted.

23. "When a State exercises power wholly within the domain of state interest, it is insulated from federal judicial review. But such insulation is not carried over when state power is used as an instrument for circumventing a federally protected right." Gomillion v. Lightfoot, 364 U.S. at 347, 81 S. Ct. at 130.

**WHEREFORE**, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:
March 25, 2008

Marcos Rodriguez

I have aided Mr. Rodriguez in the preparation of this pro se application.

Raymond S. Sussman*