**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MARCOS RODRIGUEZ,
Petitioner

--against-- 08 CIV. 112(ML)

WARDEN DAVID MCCAULEY AND
THE STATE OF RHODE ISLAND,
Respondents

**OPPOSITION TO RESPONDENT'S MOTION TO DISMISS**

**COMES NOW THE PETITIONER**, Marcos Rodriguez, by and through his counsel who respectfully submits this opposition to the Respondent's motion to dismiss the pending petition for a Writ of Habeas Corpus and submits that the motion should be denied.

**PROCEDURAL HISTORY IN THE UUNITED STATES DISTRICT COURT**

The respondents correctly observe that the pleadings in this case set forth identical arguments as a prior petition filed under 28 U.S.C. 2254. That petition was not decided on the merits. As this Court is aware, at that point in time, Raymond S. Sussman, having been duly admitted pro hac vice, was unable to obtain a password in a timely fashion in order to respond to the respondents' motion to dismiss via the electronic filing system. The Respondents prior motion to dismiss argued that the petition should have been filed under 28 U.S.C. 2241 rather than 28 U.S.C. 2254. Both sides now agree that this petition filed pursuant to 28 U.S.C. 2241 is the appropriate cause of action under the circumstances of this case.

The respondents incorrectly assert the doctrine of Res Judicata because there has been no prior decision on the merits. It is respectfully requested that the Court reach the merits of the instant application pursuant to 28 U.S.C. 2241.

The Petitioner seeks relief from an order of the Supreme Court of the State of Rhode Island, denying his appeal of an order of the Superior Court denying his motion to dismiss an indictment charging him with kidnapping with the intent to extort on the grounds of double jeopardy.

**STANDING**

A criminal defendant may collaterally appeal an adverse ruling on a defense of double jeopardy, ***Abney v. United States***, 431 U.S. 651, 660, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). See also Sell v. U.S., 539 U.S. 166, 123 S.Ct. 2174 (2003) and Will v. Hallock, 546 U.S. 345, 126 S.Ct. 952, 163 L.Ed.2d 836. Your Petitioner claims a constitutional right not to be tried.

The double jeopardy clause in the Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb". This constitutionally protected right is applicable to the State of Rhode Island through the Due Process Clause of the Fourteenth Amendment.

**FACTS AND PROCEDURAL HISTORY**

On or about May 23, 1999, Ricardo Gomez was kidnapped in Rhode Island. Two days later his remains were found under the Whitestone Bride in the Bronx, New York. Police officials in New York and Rhode Island identified two

alleged perpetrators, your Petitioner, Marcos Rodriguez and Edward Pozo. Both defendants were arrested in the State of New York.

The Attorney General for the State of Rhode Island made an extradition request for Edward Pozo. No request was filed for the extradition of Marcos Rodriguez.

The Grand Jury in the State of Rhode Island returned the instant indictment. This indictment did not charge Marcos Rodriguez with the crime of murder.

The Grand Jury in the State of New York returned an indictment against Petitioner, Marcos Rodriguez, charging felony murder. The underlying felony was the kidnapping in the State of Rhode Island. This indictment did not charge Marcos Rodriguez with the substantive crime of kidnapping.

The Grand Jury in each state considered the evidence during the same time period and each indictment was filed at approximately the same time.

In December, 2001, Petitioner was tried and convicted in New York of second-degree felony murder and was sentenced to serve twenty-five years to life. Under the Interstate Agreement on Detainers Act, your Petitioner was subsequently brought to Rhode Island to be tried for the underlying act of kidnapping.

Petitioner moved, under Rule 12(b)(2) of the Superior Court Rules of Criminal Procedure to dismiss the indictment on double jeopardy grounds.

An evidentiary hearing was held on January 30, 2004 and February 3, 2004. An order denying defendant's motion was entered on April 18, 2005.

The defendant moved the Supreme Court of the State of Rhode Island to stay his criminal trial pending appeal. That motion was granted on April 28, 2005.

On or about March 8, 2007, the Supreme Court of the State of Rhode Island denied Petitioner's appeal.

**ISSUES OF LAW**

1. Does federal law require the underlying felony in a felony-murder prosecution to be treated as a lesser included offense?

2. Does Article I of the Rhode Island Constitution and the Fifth Amendment to the United States Constitution prohibit successive trials for the same offense when the first trial convicted a defendant of felony murder and the second trial is for the underlying felony?

3. May the State of Rhode Island apply the dual sovereignty doctrine to conduct a second successive trial for a lesser-included offense when the initial trial for felony murder was conducted in the State of New York?

4. If the District Attorney in New York and the Attorney General in Rhode Island agreed in advance that Marcos Rodriguez would be indicted for felony murder in New York (but not for the substantive crime of kidnapping) and indicted for the substantive crime of kidnapping in Rhode Island (but not for the crime of murder) in order to deliberately circumvent a defendant's constitutionally protected rights does the exception to the dual sovereignty doctrine as set forth in Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) apply prohibiting the conduct of two successive trials for the same offense?

5. If the Constitution of the State of Rhode Island (Article I Section 7) prohibits two successive prosecutions for the same offense, is it selective prosecution and a violation of a defendant's right to due process of law and equal protection under the fourteenth amendment to the United States Constitution and a violation of the defendant's right to due process of law and equal protection under the Constitution of the State of Rhode Island (Article I Section 2 and Section10) to permit a second successive prosecution for the same offense where the initial trial was for felony murder and the second trial is for the underlying felony?

## **ARGUMENT**

### **Does federal law require the underlying felony in a felony-murder prosecution to be treated as a lesser-included offense?**

It is the appellant's position that when the conviction for the greater crime, felony murder, could not be had without conviction for the lesser crime, the kidnapping, the double jeopardy clause bars prosecution for the lesser crime after conviction for the greater one. Harris v. Oklahoma, 433 U.S. 682; 97 S. Ct. 2912; 53 L. Ed. 2d 1054 (1977)

The Supreme Court of the United States in Illinois v. Vitale, 447 U.S. 410, 100 S. Ct. 2260, 65 L. Ed. 2d (1980) explained their reasoning in Harris v. Oklahoma (supra). They stated:

"In Harris, we held, without dissent, that a defendant's conviction for felony murder based on a killing in the course of an armed robbery barred a subsequent prosecution against the same defendant for the robbery….

[FN9] But for the purposes of the Double Jeopardy Clause, we did not consider the crime generally described as felony murder as a separate offense distinct from its various elements. Rather, we treated a killing in the course of a robbery as itself a separate statutory offense, and the robbery as a species of lesser-included offense."

In a concurring opinion in the case of Lewis V. United States, 523 U.S. 155, 118 S. Ct. 1135, 140 L.Ed.2d 271 (1998), Justice Scalia provides further insight to the distinction between Blockburger and Harris. Justice Scalia stated:

**"The Blockburger test, however, establishes what constituted the "same offence" for purposes of the traditional practice that underlies the Double Jeopardy Clause, U.S. Const., Amdt. 5. That constitutional guarantee not only assumes a scheme of "offences" much more orderly than those referred to by the ACA (since they are the offenses designed by a single sovereign), but also pursues policy concerns that are entirely different. When it is fair to try a defendant a second time has little to do with when it is desirable to subject a defendant to two separate criminal prohibitions. Thus, for example, double jeopardy law treats greater and lesser included offenses as the same, see, e.g. Harris v. Oklahoma, 433 U.S. 6892, 97 S. Ct. 2912, 53 L. Ed. 2d 1054 (1977) (per curiam), so that a person tried for felony murder cannot subsequently be prosecuted for the armed robbery that constituted the charged felony. That is fair enough;…."**

In Whalen v. United States, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980) the court prohibited a consecutive sentence for felony murder (the underlying felony being rape) and for the rape itself. The Court stated:

**"In this case, resort to the *Blockburger* rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that "each provision requires proof of a fact which the other does not." A conviction for *killing in the course of a rape cannot be had without proving all the elements of the offense of rape. See *United States v. Greene*, 160 U.S.App.D.C. 21, 34, 489 F.2d 1145, 1158 (1973). Cf. *Harris v. Oklahoma*, 433 U.S. 682, 682-683, 97 S.Ct. 2912, 2912-13, 53 L.Ed.2d 1054. The Government contends that felony murder and rape are not the "same" offense under**

***Blockburger*, since the former offense does not in all cases require proof of a rape; that is, D.C.Code § 22-2401 (1973) proscribes the killing of another person in the course of committing rape *or* robbery *or* kidnapping *or* arson, etc. Where the offense to be proved does not include proof of a rape-- for example, where the offense is a killing in the perpetration of a robbery-- the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under *Blockburger*. In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense requires proof of every element of another offense. There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions. It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it. [FN8] To the extent that the Government's argument persuades us that the matter is not entirely free of doubt, the doubt must be resolved in favor of lenity. See *Simpson v. United States*, 435 U.S. 6, 14-15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70; see also n. 10, *infra.***

**FN8. Contrary to the view of the dissenting opinion, we do not in this case apply the *Blockburger* rule to the facts alleged in a particular indictment. *Post*, at 1447-1449. We have simply concluded that, for purposes of imposing cumulative sentences under D.C.Code § 23- 112, Congress intended rape to be considered a lesser offense included within the offense of a killing in the course of rape."**

The same line of reasoning was utilized in U. S. V. Dixon, 509 U.S. 688, 113 S. Ct. 2189 (1993). In that case, the Supreme Court, Justice Scalia, held that: (1) double jeopardy protections apply to nonsummary criminal contempt prosecution; (2) double jeopardy precluded prosecution of defendant for drug offense following conviction for criminal contempt based on violation of conditional release order which included prohibition on violation of the drug laws; (3) double jeopardy precluded prosecution for assault on his wife following prosecution for criminal contempt for violating civil protection order which prohibited assault on her; (4) double jeopardy protections do not require that

subsequent prosecution satisfy a "same conduct" test; and (5) prosecution for violation of civil protection order by assaulting his wife did not preclude subsequent prosecutions for assault with intent to kill and threatening to kidnap or injure another.

The Court stated:

> **In this situation, in which the contempt sanction is imposed for violating the order through commission of the incorporated drug offense, the later attempt to prosecute Dixon for the drug offense resembles the situation that produced our judgment of double jeopardy in *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) *(per curiam).* There we held that a subsequent prosecution for robbery with a firearm was barred by the Double Jeopardy Clause, because the defendant had already been tried for felony murder based on the same underlying felony. We have described our terse *per curiam* in *Harris* as standing for the proposition that, for double jeopardy purposes, "the crime generally described as "felony murder" is not "a separate offense distinct from its various elements." *Illinois v. Vitale,* 447 U.S. 410, 420-421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980). Accord, *Whalen v. United States,* 445 U.S. 684, 694, 100 S.Ct. 1432, 1439, 63 L.Ed.2d 715 (1980). So too here, the "crime" of violating a condition of release cannot be abstracted from the "element" of the violated condition. The *Dixon* court order incorporated the entire governing criminal code in the same manner as the *Harris* felony-murder statute incorporated the several enumerated felonies. Here, as in *Harris,* the underlying substantive criminal offense is "a species of lesser-included offense." [FN2] *Vitale, supra,* 447 U.S., at 420, 100 S.Ct., at 2267. Accord, *Whalen, supra.***

The Supreme Court has been consistent. Repeatedly, they address the underlying felony of a felony-murder prosecution as a lesser-included offence.

Given the extraordinary circumstances that Marcos Rodriguez has already been tried and convicted for felony murder, the underlying felony being the kidnapping in Rhode Island, it is respectfully asserted that the Rhode Island indictment should be barred by the double jeopardy clause as a matter of law.

The Attorney General of the State of Rhode Island concedes that the kidnapping of Ricardo Gomez is the same kidnapping that constituted the underlying felony in the felony murder prosecution in the State of New York.

The Supreme Court of the State of Rhode Island has consistently held that **"Rhode Island cases have hewed closely to federal double-jeopardy law when applying the analogous clause in the Rhode Island Constitution".** See Exhibit B, page 6, lines 15-16, State v. Grullon, 117 R.I. 682, 371 A.2d 265 (1977) and State v. Patel, (Not reported in A.2d, 2003 WL. 1227623 (R.I. Superior).

In the case of State v. Doyon, 416 A.2d 130, the Supreme Court of the State of Rhode Island held that the double jeopardy provisions of the Rhode Island Constitution and the United States Constitution were violated when a defendant was convicted and sentenced for both arson and of murder while in perpetration of arson.

**It is clear that the underlying felony in a felony murder prosecution, whether in federal court or in the State of Rhode Island, is treated as a lesser included offense.**

**Does Article I, Section 7 of the Rhode Island Constitution and the Fifth Amendment to the United States Constitution prohibit successive trials for the same offense?**

Article 1, Section 7 of the Rhode Island Constitution provides in pertinent part:

**"No person shall be subject for the same offense to be twice put in jeopardy."**

The double jeopardy clause in the Fifth Amendment to the Constitution of the United States provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb". This constitutionally protected right is applicable to the State of Rhode Island through the Due Process Clause of the Fourteenth Amendment.

The constitutional prohibition against double jeopardy has been held to consist of three separate guarantees:

1. "It protects against a second prosecution for the same offense after acquittal.

2. It protects against a second prosecution for the same offense after conviction.

3. It protects against multiple punishments for the same offense."

See North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656 (1969).

**May the State of Rhode Island apply the dual sovereignty doctrine to conduct a second successive trial for a lesser-included offense when the initial trial for felony murder was conducted in the State of New York?**

The Supreme Court of the State of Rhode Island has ruled that "when a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offences." Heath v. Alabama, 474 U.S. 82, 88 (1985) (quoting Lanza, 260 U.S. at 382 The Supreme Court, in deciding Heath, ruled as follows:

**"Respondent does not contravene petitioner's contention that the offenses of "murder during a kidnapping" and "malice murder," as construed by the**

**courts of Alabama and Georgia respectively, may be considered greater and lesser offenses and, thus, the "same" offense under *Brown* v. *Ohio, supra*, absent operation of the dual sovereignty principle. See *id*., at 169; *Illinois* v. *Vitale*, 447 U.S. 410 (1980). We therefore assume, *arguendo*, that, had these offenses arisen under the laws of one State and had petitioner been separately prosecuted for both offenses in that State, the second conviction would have been barred by the Double Jeopardy Clause."**

**"In applying the dual sovereignty doctrine, then, the crucial determination is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns"**

It is the Petitioner's contention that the State of New York and the State of Rhode Island jointly acted in a manner deliberately designed to circumvent his constitutionally protected rights. In so doing they waived their right to be termed "separate sovereigns".

**If the District Attorney in New York and the Attorney General in Rhode Island agreed in advance that Marcos Rodriguez would be indicted for felony murder in New York (but not for the substantive crime of kidnapping) and indicted for the substantive crime of kidnapping in Rhode Island (but not for the crime of murder) in order to deliberately circumvent a defendant's constitutionally protected rights does the exception to the dual sovereignty doctrine as set forth in Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) apply prohibiting the conduct of two successive trials for the same offense?**

In U.S. v. Coker, 433 F.3d 39, C.A. 1 (Mass.) 2005 the court concerned itself with the issue of law enforcement seeking to make "end run" around a defendant's constitutionally protected rights. In that case, the right being considered was the defendant's sixth amendment right to counsel.

The Court recognized the Bartkus exception to the dual sovereignty doctrine as an aid to preventing such conduct. The court cited U.S. v. Guzman, 85 F.3d 823 C.A. 1 (Puerto Rico) 1996 as precedent. In Guzman the Court stated:

**"We find the gravitational pull of Bartkus irresistible indeed, we think that the exception is compelled by the bedrock principles of dual sovereignty. See United States v. Liddy, 542 F.2d 76, 799 (D.C.Cir 1976) ("Bartkus, as we view it stands for the proposition that federal authorities are proscribed from manipulating states process to accomplish that which they cannot constitutionally do themselves. To hold otherwise would, of course, result in a mockery of the dual sovereignty concept that underlies our system of criminal justice.")."**

In the instant case, Edward Pozo and Marcos Rodriguez were alleged to have been co-conspirators in the kidnapping of Ricardo Gomez. Both men were arrested in the State of New York. The State of Rhode Island extradited Edward Pozo to the State of Rhode Island. However, they made no such request for the extradition of Marcos Rodriguez.

Both the Assistant District Attorney in the Bronx County in New York and the Assistant Attorney General in Providence, Rhode Island have admitted they were in communication with one another. Key tapes necessary for the trial in Providence, Rhode Island were sent to New York and never retrieved. Martha Villalona, an accomplice and friend of the Petitioner and the key witness against him, was awarded pocket immunity by both prosecutors. Her testimony in both jurisdictions would not have been available if either jurisdiction had commenced a criminal prosecution against her. Detectives from both New York City and Providence jointly executed a search warrant in Rhode Island.

It is agreed that most of these facts demonstrate no more than commendable cooperation between law enforcement officials.

Yet the joint decisions of the prosecutors went beyond "commendable cooperation". The two prosecutors agreed on a course of action deliberately

designed to subject Marcos Rodriguez to two successive trials for the same offense. In so doing, they ceased to represent "separate sovereigns".

Like the biblical decision of King Solomon they agreed to divide the "baby" in half. The defendants were divided. Edward Pozo went to Rhode Island, Marcos Rodriguez stayed in New York. More importantly, both prosecutors presented the facts to their respective Grand Jury at approximately the same time. The resulting indictments constitute the "smoking gun" to their underlying agreement. Contrary to custom, the Grand Jury in the State of New York indicted Marcos Rodriguez for felony murder, the underlying felony being the kidnapping in Rhode Island but strangely, the indictment did not contain any substantive kidnapping count. At about the same time, contrary to custom, the Grand Jury in the State of Rhode Island indicted Marcos Rodriguez for a substantive count of kidnapping but strangely, the indictment did not contain any count for the death of the kidnapping victim during the course of the kidnapping (felony murder).

The coincidence is striking and is certainly strong circumstantial evidence of an agreement between the two prosecutors "to accomplish that which they cannot constitutionally do themselves" (U.S. v. Guzman, id.), that is subject Marcos Rodriguez to two successive trials for the same conduct.

As the Court stated in U.S. v. Guzman, id.

**"To hold otherwise would, of course, result in a mockery of the dual sovereignty concept that underlies our system of criminal justice."**

The Court went on to erect a framework for deciding the issues of fact. The Court stated:

**In the Bartkus context, the question whether a defendant is being twice prosecuted for the same offense turns in part on the applicability of the dual sovereign rule. See Heath, 474 U.S. at 88, 106 S. Ct. at 437. Thus, the defendant must produce some evidence tending to prove that the rule should not apply. U.S. v. Guzman at 827.**

If the defendant proffers evidence sufficient to make a prima facie showing, the burden of proof then shifts to the State of Rhode Island to demonstrate that it acted as an independent sovereign.

Your Petitioner respectfully suggests that it constitutes a "mockery of justice" to lump the 50-50 agreement between the prosecutors in the State of New York and Rhode Island to divide the two defendants and the charges evenly between them with the otherwise commendable cooperation between law enforcement officials. The 50-50 agreement was not made for investigative purposes. It produced no evidence. This agreement was deliberately designed to circumvent Article 1, Section 2, Section 7and Section 10 of the Rhode Island Constitution and the applicable Rhode Island case law as well as the fifth and fourteenth amendments to the United States Constitution. The two prosecutors "arranged" to subject Marcos Rodriguez to two successive trials for the same conduct. The 50-50 agreement had a discriminatory purpose.

It is respectfully contended that in arriving at this joint agreement, the State of Rhode Island ceased to act independently of New York and forfeited its right as a "separate" sovereign to rely on the doctrine of dual sovereignty.

Your Petitioner respectfully requests that this court order an evidentiary hearing to determine whether there was an agreement between the prosecutor in the State of New York and the prosecutor in the State of Rhode Island. In the

event that the facts demonstrate there was such an understanding, it is respectfully requested that this Court reconsider the applicability of the doctrine of dual sovereignty.

**If the Constitution of the State of Rhode Island (Article I Section 7) prohibits two successive prosecutions for the same offense, is it selective prosecution and a violation of a defendant's right to due process of law and equal protection under the fourteenth amendment to the United States Constitution and a violation of the defendant's right to due process of law and equal protection under the Constitution of the State of Rhode Island (Article I Section 2 and Section 10) to permit a second successive prosecution for the same offense where the initial trial was for felony murder and the second trial is for the underlying felony?**

The case law within the State of Rhode Island is clear. Two successive trials for the same offense is double jeopardy and is not permitted.

See Exhibit B, page 6, lines 15-16, State v. Grullon, 117 R.I. 682, 371 A.2d 265 (1977), State v. Patel, (Not reported in A.2d, 2003 WL. 1227623 (R.I. Superior) Indeed, separate sentences for arson and murder while perpetrating arson are not permitted. State v. Doyon, 416 A.2d 130. Such prosecutions violate Article 1, Section 7 of the Rhode Island Constitution.

Assuming, ad arguendo, that the Bartkus exception does not apply and that the State of Rhode Island was acting as an independent sovereign, does the dual sovereignty doctrine give the State of Rhode Island the right to ignore its own constitution and its own case law?

The Petitioner alleges that he is the victim of selective prosecution in violation of Article 1, Section 2 of the Rhode Island Constitution. He is the only individual in the State of Rhode Island to have ever been subjected to a second successive trial for the underlying felony after being convicted of felony murder.

The Petitioner alleges that the 50-50 agreement made by the Rhode Island prosecutor had a discriminatory purpose. Its purpose was to permit the prosecutor to conduct a second successive trial, which he would not have been able to do if he had extradited Marcos Rodriguez to Rhode Island. He chose to extradite Edward Pozo. He chose not to extradite Marcos Rodriguez specifically to permit him to do what he could not constitutionally do otherwise, namely to subject Marcos Rodriguez to a second successive trial for the underlying felony of a felony murder.

**"An improper selective prosecution arises when a defendant "has been singled out for prosecution when others similarly situated have not been prosecuted and the prosecutor's reasons for doing so were impermissible."** U.S. v. Graham, 146 F.3d 6. See also U.S. v. Magana, 127 F.3d 1, 8 (1st Circ. 1997)

Selective prosecution is a subset of equal protection jurisprudence. The United States Supreme Court enunciated in Wayte v. United States, 470 U.S. 598, 608 (1985) that in order to prevail the petitioner must show that his prosecution was discriminatory in effect and also was motivated by a discriminatory purpose.

The Petitioner further alleges that he has been denied both procedural and substantive Due Process of Law under both the fourteenth amendment to the United States Constitution and Article 1, Section 10 of the Rhode Island Constitution.

Procedural due process compels the State of Rhode Island to use fair procedures. Substantive due process protects individuals against offensive,

arbitrary and capricious government actions, despite the fact the seemingly fair procedures are used to implement them. Depoutot v. Raffaelly, 424 F.3d 112.

The Petitioner alleges that the 50-50 agreement made by the Rhode Island prosecutor constituted an unfair, offensive arbitrary and capricious government action the purpose of which was to permit the prosecutor to conduct a second successive trial, which he would not have been able to do if he had extradited Marcos Rodriguez to Rhode Island. He chose to extradite Edward Pozo. He chose not to extradite Marcos Rodriguez specifically to permit him to do what he could not constitutionally do otherwise, namely to subject Marcos Rodriguez to a second successive trial for the underlying felony of a felony murder.

## CONCLUSION

Marcos Rodriguez has been subjected to double jeopardy. The dual sovereignty doctrine should not be applied because Rhode Island did not act as an independent sovereign and because of the Bartkus exception. An evidentiary hearing should be held to determine the true motive behind the Rhode Island prosecutor negotiating a 50-50 agreement with the New York prosecutor.

Even in the event that the dual sovereignty doctrine is applicable, that only means that the State of Rhode Island is not constrained by the Fifth Amendment to the United States Constitution. However, in all cases, the State of Rhode Island must follow its own Constitution and its own case law. It must provide all defendants with due process of law. It must not subject a defendant to selective prosecution. It must provide equal protection under its law.

. The State of Rhode Island seeks to do what their own law says they are "specifically forbidden" from doing. Mastracchio v. Houle, 416 A.2d 116. In that case the highest court in the State of Rhode Island held that the State is "**strictly forbidden**" from conducting a separate trial for a felony underlying a felony murder conviction. This ruling is consistent with applicable federal law.

The respondents are attempting to use the doctrine of dual sovereignty as a fig leaf for violating their own constitution and their own case law. They seek to deprive the Petitioner of both substantive and procedural due process of law, Constitutionally protected rights under both the Constitution of the United States and the Constitution of the State of Rhode Island. This is a naked attempt to assert more power than even an independent sovereign possesses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Marcos Rodriguez prays that this Honorable Court will deny the Respondents' motion to dismiss this Writ of Habeas Corpus on the grounds of res judicata and rule on the merits of the pleadings together with such other, further and different relief as this Court may deem just and proper.

Respectfully Submitted,

*Raymond S. Sussman*

Raymond S. Sussman
Attorney for Marcos Rodriguez
Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

Raymond S. Sussman, an attorney, hereby certifies that a true and accurate copy of the within Opposition to Respondent's Motion to Dismiss was mailed this 8th day of April, 2008 to Mr. Aaron L. Weisman, Special Assistant Attorney General by depositing same in a prepaid envelope in the custody of the United States Postal Service properly addressed as follows:

Aaron L. Weisman, Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903

Dated: April 8th, 2008

*Raymond S. Sussman*
Raymond S. Sussman