UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARCOS RODRIGUEZ | : | |
| | : | |
| v. | : | C.A. No. 08-112ML |
| | : | |
| DAVID McCAULEY, et. al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

In this matter, Petitioner, Marcos Rodriguez ("Rodriguez" or "Petitioner") filed his Petition for Writ of Habeas Corpus on March 25, 2008. (Document No. 1). Petitioner, a Rhode Island pretrial detainee, seeks habeas corpus review of the Rhode Island Supreme Court's Order affirming the denial of his Motion to Dismiss an indictment on the grounds of double jeopardy. Respondent, the State of Rhode Island (the "State" or "Respondent"), filed a Motion to Dismiss the Petition. (Document No. 5). This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72. The Court has determined that no hearing is necessary. After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 5) be GRANTED and that the Petition (Document No. 1) be DISMISSED.

**Background**

On May 23, 1999, Ricardo Gomez was kidnapped in Rhode Island. State v. Rodriguez, 917 A.2d 409, 412 (R.I. 2007). Two days later, his body was recovered in New York City. Id. Petitioner was identified as the assailant in the kidnapping and murder. Subsequently, a Grand Jury in the State of New York indicted Petitioner, charging him with felony murder. At the same time, a Rhode Island Grand Jury indicted Petitioner, charging him with kidnapping with intent to extort money and conspiracy to commit kidnapping. Document No. 6 at 3 and Ex. A. Petitioner was

subsequently tried and convicted in New York for second degree felony murder. He was sentenced to serve twenty-five years to life in New York state prison. Rodriguez, 917 A.2d at 412. Following his conviction in New York, Petitioner was transported to Rhode Island under the Interstate Agreement on Detainers Act to be tried for kidnapping with the intent to extort money and conspiracy to commit kidnapping.

Petitioner moved to dismiss the Rhode Island indictment by filing a motion under R.I. R. Crim. P. 12(b)(2), arguing that the double jeopardy clause of the Fifth Amendment barred his trial in Rhode Island. Id. Petitioner argued that he had been convicted in New York for felony murder, and the kidnapping was the underlying felony. Id. Because he had already been tried and found guilty of felony murder, Petitioner reasoned that trial in Rhode Island on the kidnapping charge would constitute double jeopardy. Petitioner also argued that New York and Rhode Island cooperated in the investigation and prosecution of the murder and kidnapping cases, thus the doctrine of dual sovereignty was negated.

**Discussion**

This action is before the Court as a Petition pursuant to 28 U.S.C. § 2241. Section 2241 simply states that the district courts "may grant" a writ of habeas corpus, and does not contain the exhaustion requirement contained in actions brought pursuant to 28 U.S.C. § 2254.[1] Further, the First Circuit Court of Appeals has noted that § 2241 allows a federal court to grant a petition before

[1] As a preliminary matter, the Court notes that in August 2007, Petitioner filed a nearly identical Petition in this Court, C.A. No. 07-329ML. In that case, Petitioner brought his claims pursuant to 28 U.S.C. § 2254, but in this case, Petitioner frames his arguments under 28 U.S.C. § 2241. In any event, his first Petition was dismissed by the Court when Petitioner failed to respond to the State's Motion to Dismiss. See Document Nos. 5, 6 and 7 in C.A. No. 07-329ML. Counsel for Petitioner concedes that he "was unable to obtain a password in a timely fashion in order to respond" to the Motion to Dismiss in the earlier case. Document No. 6 at 1. The present action was filed March 25, 2008. The State argues that the present Petition is barred by the doctrine of res judicata. Although res judicata could serve as an alternate basis for recommending dismissal of the claims, the Court is persuaded to analyze the merits of those claims and to recommend dismissal of this case based on the shortcomings of the Constitutional arguments presented.

a petitioner has been tried in a state court, but only in unusual circumstances. See Benson v. Superior Court, 663 F.2d 355, 359 (1st Cir. 1981). In Benson, the Appeals Court noted that a § 2241 writ based on a claim of double jeopardy is proper since "the double jeopardy clause is designed to protect a defendant not only from double conviction but also from being subjected twice to the trial process itself." Id. Thus, the Court reasoned that "a federal court is in the extraordinary position of having no way to protect a defendant's constitutional right other than to consider a petition before trial." Id. Accordingly, the Petitioner's claims are properly before the Court, despite the fact that he is in the pretrial stages of his state court action at this time.

**Analysis**

At this point, the Court turns to the substantive arguments presented in Rodriguez's Petition. Petitioner sets forth five separate "issues of law" which he contends require consideration. Having reviewed each of the five issues, this Court concludes that consideration of one single issue will resolve this Petition. The Court must determine whether the dual sovereignty doctrine permits the State of Rhode Island to try Rodriguez for felony kidnapping after he was convicted by the State of New York for felony murder, where the underlying felony was the kidnapping being prosecuted in Rhode Island. In its analysis of this issue, the Court will consider whether there are any exceptions to the dual sovereignty doctrine which apply to the facts presented in this case.

The Fifth Amendment to the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. Likewise, Article I, Section VII of the Rhode Island Constitution states that, "No person shall be subject for the same offense to be twice put in jeopardy." Petitioner argues that his Rhode Island indictment and trial violate the double jeopardy clause, because the kidnapping charge is the felony

which underlies his felony murder conviction in New York. In this case, the critical inquiry for double jeopardy purposes is whether the New York prosecution and the Rhode Island prosecution are for the "same offense." Under the dual sovereignty doctrine, they are not.

The dual sovereignty doctrine derives from the common law notion that a crime is an offense against the sovereign. Heath v. Alabama, 474 U.S. 82, 87 (1985). The Supreme Court has stated that, "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.'" Id. at 88. The Court went on to note that the doctrine, "as originally articulated and consistently applied by this Court, compels the conclusion that successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause." Id. Moreover, the Court noted that it has "plainly and repeatedly stated that two identical offenses are *not* the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." Id. at 92. (emphasis in original). The Supreme Court's reasoning applies squarely to the facts presented in this action. Under the dual sovereignty doctrine, the New York prosecution and the Rhode Island prosecution do not violate the double jeopardy clause because they are not for the same offense. It is alleged that Petitioner's actions violated the laws of both New York and Rhode Island, thus each "sovereign" has the prerogative to prosecute for the offense committed against it.

Petitioner asserts, however, that this Court should apply an exception to the dual sovereignty doctrine first discussed in Bartkus v. Illinois, 359 U.S. 121 (1959). Petitioner urges the Court to apply the Bartkus exception and find that the double jeopardy clause is violated because the "State of New York and the State of Rhode Island jointly acted in a manner deliberately designed to circumvent his constitutionally protected rights." Document No. 6 at 11. Petitioner claims that

through their joint action, "they waived their right to be termed 'separate sovereigns.'" Id. Petitioner outlines a course of conduct which he deems "commendable cooperation" between law enforcement officials in the two states, but he also alleges that the states went beyond mere cooperation and engaged in a plan designed to intentionally deprive Petitioner of his constitutionally protected rights and to subject him to two trials. Petitioner states that the fact that New York and Rhode Island prosecutors each submitted their cases to a grand jury in their respective states at the same time and each obtained an indictment around the same time constitutes the "'smoking gun' to their underlying agreement." Document No. 6 at 13. Petitioner relies only on this thin circumstantial evidence and presents no direct evidence of this alleged "agreement."

Although the exception was first discussed in Bartkus, the First Circuit more recently defined the test that a party must meet in order to apply the exception. As a preliminary matter, the First Circuit noted that the exception is "narrow" and "is limited to situations in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another that the latter retains little or no volition in its own proceedings." United States v. Guzman, 85 F.3d 823, 827 (1st Cir. 1996). In Guzman, the First Circuit summarized the elements a defendant must meet to prevail: first, "the defendant must produce some evidence tending to prove that the rule should not apply because one sovereign was a pawn of the other, with the result that the notion of two supposedly independent prosecutions is merely a sham." Id. If the defendant meets this first requirement, then "the government must shoulder the burden of proving that one sovereign did not orchestrate both prosecutions, or, put another way, that one sovereign was not a tool of the other." Id. In this case, Petitioner presents no competent evidence to meet his initial burden of proving that either Rhode Island or New York was a pawn of the other. Simply stating that the law enforcement in two states

cooperated and that indictments were returned during the same time period does not convince the Court that one state was the "pawn" of the other. Instead, as the Guzman Court found, "th[e] facts show nothing more than the rendering of routine intergovernmental assistance." Id. at 828. Accordingly, I find that the dual sovereignty doctrine permits the State of Rhode Island to prosecute Petitioner and that no exception to that doctrine applies. Petitioner has not established a constitutional double jeopardy violation.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 5) be GRANTED and the Petition (Document No. 1) be DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 13, 2008