UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARCOS RODRIGUEZ | § | |
| Petitioner | § | |
| Vs. | § | DOCKET: 1:08-cv-112 ML-LDA |
| | § | |
| DAVID McCAULEY, WARDEN | § | |
| THE STATE OF RHODE ISLAND | § | |
| THE ATTORNEY GENERAL OF | § | |
| THE STATE OF RHODE ISLAND | § | |
| | § | |
| Respondents | § | |

.

**OBJECTIONS TO REPORT AND RECOMMENDATION**

**COMES NOW THE PETITIONER:** Marcos Rodriguez by and through his counsel who respectfully submits his *"Objections"* to the Report and Recommendation of the United States Magistrate Judge, dated 6/16/2008. Mr. Rodriguez requests a "De Novo" review by the District Court. The Report and Recommendation ordered that any objections be filed by the parties by 6/30/2008.

**OBJECTION NUMBER ONE:**

The Petitioner objects to the respondents violating his constitutionally protected rights under the Constitution of the State of Rhode Island in addition to his constitutionally protected rights under the Constitution of the United States.

**OBJECTION NUMBER TWO**

The Petitioner objects to the findings of fact and conclusions of law that were made absent an *evidentiary hearing* in this case.

**DISCUSSION**

**OBJECTION ONE**

The government argues and the respected Magistrate Judge's Report and Recommendation appears to adopt as a principle that the Constitution necessarily stops where state sovereignty begins.

To the extent that Heath v. Alabama, 474 U.S. 82, 87 (1985) is the current "law of the land", (omitting for the moment a discussion of the exception to the dual sovereignty doctrine as expressed in Bartkus v. Illinois, 359 U.S. 121 (1959)) the United States Supreme Court has apparently given a permission slip to the State of Rhode Island to subject Marcos Rodriguez to a second successive trial for the same alleged conduct for which he was tried and convicted in the State of New York.

The question remains however: Does the doctrine of dual sovereignty permit the State of Rhode Island to violate its *own* constitution and its *own* case law? Does this Court have the power to require a State to apply its own Constitution and its own case law when that state abrogates the constitutionally protected rights of a defendant to due process of law?

It is respectfully asserted that the State of Rhode Island, in applying the doctrine of dual sovereignty, has violated its own Constitution (Violation of Article 1, Section 10 of the Rhode Island Constitution, due process of law and Violation

of Article 1, Section 7 of the Rhode Island Constitution, protection against double jeopardy) and has violated its own case law. State v. Doyon, 416 A.2d 130 (1980). See also, State v. Powers, 526 A.2d 489 and State v. Anthony, 422 A.2d 921 (1980).

In Mastracchio v. Houle, 416 A.2d 116, the Rhode Island Court stated: **"Separate convictions in respect to felony murder and the underlying felony charge, which was an indispensable element in the greater offense, are specifically forbidden by our holding in State v. Innis, R.I., 391 A.2d 1158 (1978) pursuant to principles enunciated in Harris v. Oklahoma, 433 U.S. 682, 97 S. Ct. 2912, 53 L.Ed.2d 1054 (1977) and earlier foreshadowed by our holdings in State v. Grullon, 117 R.I. 682, 371 A.2d. 265(1977), and State v. Boudreau, 113 R. I. 497, 322 A.2d 626 (1974)."**[1]

There is a world of difference between a power and a right. While the State of Rhode Island may have the power to subject a defendant to a second successive trial for most crimes because the actus reus constitutes a separate offense against both sovereignties, in cases of felony murder the Supreme Court of the State of Rhode Island has declared a principle and held that it will follow the doctrine enunciated by the United States Supreme Court in Harris V. Oklahoma, 433 U.S. 682, 97 S. Ct. 2912, 53 L.Ed.2d 1054 (1977). That principle is that separate convictions for felony murder and the underlying felony are "specifically forbidden". Clearly, the petitioner's right to both substantive and

[1] Harris stands for the proposition that for double jeopardy purposes, "the crime generally described as felony murder" is not "a separate offense distinct from its various elements".Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980) and Whalen v. United States, 445 U.S. 684, 100 S. Ct. 1432, 63 L.Ed.2d 715 (1980).

procedural due process of law under both the United States Constitution and the Rhode Island Constitution are being violated. The Petitioner's right to due process of law is guaranteed through the Fourteenth amendment to the United States Constitution.

. **"When a State exercises power wholly within the domain of state interest, it is insulated from federal judicial review. But such insulation is not carried over when state power is used as an instrument for circumventing a federally protected right."** Gomillion v. Lightfoot, 364 U.S. at 347, 81 S. Ct. at 130.

The Report and Recommendation of the respected Magistrate Judge fails to discuss these issues. Instead, the report states:

**"Having reviewed each of the five issues, this Court concludes that consideration of one single issue will resolve the Petition."**

The Report and Recommendation further stated:

**"The Court noted that it is "plainly and repeatedly stated that two identical offenses are not the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns."**

However, under both existing federal law and existing Rhode Island law, in cases of felony murder the underlying felony is held to be a lesser included offense of the murder statute and for that reason a separate trial for the underlying felony is specifically forbidden. While the doctrine of dual sovereignty may be sufficient to permit two successive trials in most instances, it should not be permitted to permit a second successive trial for the underlying felony in cases of felony murder.

**OBJECTION TWO**

The Petitioner contends that the doctrine of dual sovereignty is not applicable in the instant case because the second successive prosecution is a "sham".

The Petitioner argues that the State of Rhode Island intentionally planned, negotiated and committed an "end run" around his constitutionally protected rights with full knowledge of the decision of the Rhode Island Supreme Court holding:

**"Separate convictions in respect to felony murder and the underlying felony charge, which was an indispensable element in the greater offense, are specifically forbidden by our holding in State v. Innis, R.I., 391 A.2d 1158 (1978) pursuant to principles enunciated in Harris v. Oklahoma, 433 U.S. 682, 97 S. Ct. 2912, 53 L.Ed.2d 1054 (1977) and earlier foreshadowed by our holdings in State v. Grullon, 117 R.I. 682, 371 A.2d. 265(1977), and State v. Boudreau, 113 R. I. 497, 322 A.2d 626 (1974)."**

The Petitioner alleges that the office of the Attorney General of the State of Rhode Island specifically desired to subject the Petitioner to a second successive trial and that they knew this would not be possible if they extradited Marcos Rodriguez to Rhode Island from New York because such a procedure was strictly forbidden in Rhode Island. Their motives are beside the point. Perhaps at the time the "deal" was planned and negotiated they believed the evidence in New York to be weak or perhaps they desired to see the Petitioner punished twice in the event that the punishment in New York was too "light". The key question is whether the two prosecutors, one in Rhode Island and one in New York, struck a deal precisely designed to avoid the rulings in their respective states and subject the Petitioner to two successive trials arising from the same

set of facts thus deliberately denying the Petitioner his constitutionally protected rights to substantive and procedural due process of law and stripping him of his right to be free from prosecutions that have traditionally constituted “double jeopardy”.

Two men had been arrested in New York for the alleged crime, the Petitioner and Edward Pozo. The Petitioner alleges that the State of New York and the State of Rhode Island negotiated a “deal” that served the prosecutorial interests of both states in order to circumvent the law of each state.

The Attorney General for the State of Rhode Island made an extradition request for Edward Pozo. No request was filed for the extradition of Marcos Rodriguez.

The Grand Jury in the State of Rhode Island returned the instant indictment. This indictment did not charge Marcos Rodriguez with the crime of murder.

The Grand Jury in the State of New York returned an indictment against Petitioner, Marcos Rodriguez, charging felony murder. The underlying felony was the kidnapping in the State of Rhode Island. This indictment did not charge Marcos Rodriguez with the substantive crime of kidnapping. The trial jury in New York was instructed that in order to find Marcos Rodriguez guilty of felony murder the underlying felony being the Rhode Island kidnapping, they must first unanimously agree that the defendant was guilty of the felony of kidnapping the deceased.

It is highly unusual for an indictment to charge felony murder and not charge the underlying felony itself. Clearly there was a reason for this omission.

The Grand Jury in each state considered the evidence during the same time-period and both indictments were filed at approximately the same time.

Furthermore, both states gave immunity to Martha Villalona, allegedly the accomplice-girlfriend of the Petitioner.

In December 2001, Petitioner was tried and convicted in New York of second-degree felony murder and was sentenced to serve twenty-five years to life. Under the Interstate Agreement on Detainers Act, your Petitioner was subsequently brought to Rhode Island to be tried for the underlying felony of kidnapping.

Counsel agrees with the ruling that an exception to the doctrine of dual sovereignty does exist as a principle as expressed in Bartkus V. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). The First Circuit has recognized the existence of this exception in United States v. Guzman, 85 F.3d 823, 827 (1st Cir. 1996).

In United States v. Coker, 433 F.3d 39 (1st Cir. 2005). The United States Court of Appeals affirmed the existence of the Bartkus exception stating:

**"We believe that this exception will help prevent law enforcement officials from making an end run…".** (referring to sixth amendment violations)

Admittedly the Bartkus exception has been narrowly construed. For that very reason, it is all the more important to vigorously enforce the exception when the Court finds that the second prosecution amounts to a "sham and a cover".

How can a Court determine if there was a plan, a negotiation and an agreement to split the two defendants and split the charges (murder in New York-kidnapping in Rhode Island) in order to have two cracks at convicting and punishing Marcos Rodriguez? The answer is an evidentiary hearing.

The Report and Recommendation cites United States v. Guzman, 85 F.3d 823, 827 (1st Cir. 1996) for the principle that the exception is limited to situations in which one sovereign manipulates the prosecutorial machinery of the other so that the second retains little or no volition in its own proceedings thus rendering the second prosecution a "sham and a cover".

The core of this holding is the fact that under such circumstances the notion of two supposedly independent prosecutions is merely a sham.

Likewise, in the instant case, where the two prosecutors plan, negotiate, agree and execute agreement to make an end run around the constitutionally protected rights of the Petitioner the notion of two supposedly independent prosecutions is merely a sham.

Let us first assume that the Petitioner's allegations are true. Namely, the two prosecutors made an agreement to split the two defendants, and split the charges, felony murder in New York and the underlying felony, kidnapping, in Rhode Island. Let us further assume that the purpose for this agreement was to allow the prosecutors to do something they knew that neither one of them could do in their own respective states;--to conduct two trials, the first for the felony murder and the second for the underlying felony. Is this not a violation of the constitutionally protected rights to due process of law? Clearly, it is.

The rationale of the Court in Guzman clearly points to the need for the Bartkus exception. The 1st Circuit Court of Appeals opined as follows:

**"We find the gravitational pull of Bartkus irresistible. Indeed, We think that the exception is compelled by the bedrock principles of dual sovereignty….To hold otherwise would, of course, result in a mockery of the dual sovereignty concept that underlies our system of criminal justice."**

Where there is a wrong, there is a remedy. The remedy here is to order that an evidentiary hearing be held at which both prosecutors would testify. They would be required to explicitly state the reasons for their actions.

I have spoken with both prosecutors and I have been stonewalled. They each responded that they did not recall. In a case of constitutional magnitude more, much more, is required.

The Guzman holding requires that the defendant produce some evidence tending to prove that the two prosecutions were not independent. At that juncture the burden of proof shifts to the prosecution.

I have furnished circumstantial evidence demonstrating that normal procedures were not followed in either state and these actions were contemporaneous. If not a "smoking gun" then at least it must be said that these actions are suspicious. It seems likely that conversations were held and agreements reached. I cannot force the prosecutors to be candid. This Court can. Justice requires that an evidentiary hearing be ordered to determine the extent of the prosecutorial agreements.

My arguments have been written off as mere evidence of intergovernmental cooperation. Clearly the two prosecutors cooperated with one another. But for what end? If the cooperation embodied an intent to make an

end run around the constitutionally protected rights of the Petitioner can it still be said that there were two independent prosecutions?

There is a distinction to be made between cooperation for a lawful purpose and cooperation for an unlawful and unconstitutional purpose. An evidentiary hearing is required to determine the facts in this case.

At stake is the integrity of the judicial system.

Respectfully submitted,

*Raymond S. Sussman*

Raymond S. Sussman
Attorney for Marcos Rodriguez
Pro Hac Vice
4523 Avenue H
Brooklyn, New York 11234-1409
Tel: (718) 338-3302
Cell: (914) 830-2628
Fax: (347) 438-3338

**CERTIFICATE OF SERVICE**

On June 23rd, 2008, I delivered a true copy of the within objections to the Report and Recommendations to the office of the Attorney General at 150 South Main Street, Providence, Rhode Island 02903 by depositing same in a postpaid envelope and delivering same to the custody of the United States Postal Service.

*Raymond S. Sussman*

______________________________
Raymond S. Sussman