UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARCOS RODRIGUEZ,
Petitioner,

v. C.A. No. 08-112ML

DAVID McCAULEY, in his official capacity as Warden, and STATE OF RHODE ISLAND,
Respondents.

**MEMORANDUM AND ORDER**

This matter is before the Court on the objection filed by Petitioner to a Report and Recommendation issued by Magistrate Judge Almond on June 13, 2008. Magistrate Judge Almond recommends that the State of Rhode Island's[1] motion to dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be granted. This Court has reviewed the Report and Recommendation and Petitioner's memorandum in support of his objection. Finding no merit in Petitioner's contentions, this Court adopts the Report and Recommendation. The petition for habeas corpus is DENIED and DISMISSED.

[1] Although, the petition for habeas corpus names both the State of Rhode Island and David McCauley in his official capacity as respondents, the motion to dismiss was filed on behalf of the State of Rhode Island only. The Court presumes that the State of Rhode Island filing also applies to McCauley because of his official capacity status.

## I. Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), a district judge must consider de novo any part of a magistrate judge's report and recommendation on a dispositive motion to which a proper objection has been made. A motion to dismiss a petition for habeas corpus, as in this case, is a dispositive motion and, therefore, this Court reviews de novo the issues under objection. Fed. R. Civ. P. 72(b).

## II. Background

The relevant facts are undisputed. On about May 23, 1999, Ricardo Gomez was kidnapped in Rhode Island. Two days later, his remains were found in the Bronx, New York. Police investigators from Rhode Island and New York identified two alleged perpetrators: Petitioner and Edward Pozo. Both were arrested in New York. Petitioner was convicted of second-degree felony murder in New York. He was then transported to Rhode Island under the Interstate Agreement on Detainers Act, where he awaits trial on charges of kidnapping and conspiracy to commit kidnapping.[2]

## III. Objection One

Petitioner first objects that Magistrate Judge Almond improperly narrowed his analysis to consider only dual sovereignty as dispositive of all the issues raised in the brief. Petitioner argues that applying dual sovereignty in this case violates Rhode Island's constitution and laws. This objection can be addressed without delving into its substance. "'Federal habeas corpus relief does not lie for errors of state law.'" Evans v. Verdini, 466 F.3d 141, 145 (1st Cir. 2006) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). To the extent that Petitioner bases his petition for habeas corpus on the alleged

[2] The Report and Recommendation contains more detailed facts.

violation of Rhode Island's constitution and laws instead of the Federal Constitution and laws, his petition in this Court must be dismissed. Therefore, Petitioner's first objection fails.

IV. Objection Two

Petitioner next alleges that Magistrate Judge Almond erred in finding that the Bartkus exception does not apply in this case. Petitioner also objects to the Magistrate Judge's decision not to grant an evidentiary hearing on this matter.

In essence, Petitioner argues that, due to the Bartkus exception, the prosecution against him in Rhode Island for kidnapping violates the Double Jeopardy Clause. The Fifth Amendment's Double Jeopardy Clause prohibits repeated prosecution of a criminal defendant for the same offense. U.S. Const. amend. V; Oregon v. Kennedy, 456 U.S. 667, 671 (1982). Also prohibited by the Double Jeopardy Clause is prosecution of an offense when that offense is an indispensable element in a greater offense previously prosecuted. Harris v. Oklahoma, 433 U.S. 682, 682 (1977). For example, where conviction for felony murder requires proof of the felony of robbery with firearms, a subsequent prosecution for robbery with firearms violates the Double Jeopardy Clause. Id. In this case, the underlying felony in the felony murder charge of which Petitioner was convicted in New York was kidnapping. Petitioner contends that because Rhode Island is now prosecuting him for kidnapping, he is being prosecuted twice for the same offense.[3]

---

[3] This Court assumes without deciding that the offense of kidnapping in both states is the same offense for purposes of the Double Jeopardy Clause. See United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005) ("'[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'"). Because the Court concludes that the Bartkus exception does not apply, this assumption does not change the outcome in this case.

A second prosecution for the same offense does not violate the Double Jeopardy Clause, however, when the prosecutions are conducted by different states. Heath v. Alabama, 474 U.S. 82, 88 (1985). Under the dual sovereignty doctrine, even identical offenses are not considered the "same offence [sic]" within the meaning of the Double Jeopardy Clause when they are prosecuted by independent sovereigns. See id. Rather, when a defendant breaks the law of two separate sovereigns, "he has committed two distinct 'offences [sic].'" Id. Here, the two prosecutions against Petitioner have been conducted by two independent sovereigns: Rhode Island and New York. See id. at 88-89.

Nevertheless, Petitioner argues that the dual sovereignty doctrine does not apply to his case because of the Bartkus exception. Bartkus is a narrow exception to the dual sovereignty doctrine. United States v. Guzman, 85 F.3d 823, 826-27 (1st Cir. 1996). In Bartkus v. Illinois, the Supreme Court stated that where a state prosecution is merely "a sham and a cover for a federal prosecution," the dual sovereignty exception to double jeopardy does not apply. See 359 U.S. 121, 123-24 (1959). While some circuits have discounted the language in Bartkus as dictum, the First Circuit upheld the Bartkus exception in Guzman. Guzman, 85 F.3d at 826-27. The First Circuit, however, heavily emphasized the narrowness of the exception. Id. at 827. The court stated: "[The Bartkus exception] is limited to situations in which one sovereign so thoroughly dominates or manipulates the prosecutorial machinery of another that the latter retains little or no volition in its own proceedings." Id. Cooperation between independent sovereigns is not enough. Id. at 828. On the contrary, cooperative law enforcement efforts are "commendable." Id. A defendant must go further by showing that one sovereign is

"merely a tool" of the other. See id. at 826 (quoting Bartkus, 359 U.S. at 123). The First Circuit set a high standard of proof to make this showing by establishing the following burden-shifting regime:

> [T]he defendant must produce some evidence tending to prove that [dual sovereignty] should not apply because one sovereign was a pawn of the other, with the result that the notion of two supposedly independent prosecutions is merely a sham. If the defendant proffers evidence sufficient to support such a finding – in effect, a prima facie case – the government must shoulder the burden of proving that one sovereign did not orchestrate both prosecutions, or, put another way, that one sovereign was not a tool of the other. Id.

Here, Petitioner avers that Rhode Island and New York conspired together to circumvent the Double Jeopardy Clause by striking a "deal" to prosecute him twice for the same offense. (See Objection 6.) He presents the following evidence to show that the Bartkus exception applies to his case. First, before indictments were filed in either state, the Rhode Island Attorney General requested extradition only for Pozo and not for Petitioner. Secondly, the Rhode Island Grand Jury indicted Petitioner only for kidnapping, whereas the New York Grand Jury indicted him only for felony murder. Thirdly, both states' Grand Juries considered the evidence and filed indictments at approximately the same time. Fourthly, both states gave immunity to Martha Villalona, allegedly the accomplice-girlfriend of Petitioner. This evidence, contends Petitioner, shows that the two states consciously "split the baby" to ensure that he would be prosecuted twice for kidnapping.

The chief flaw in Petitioner's argument is that evidence of a "deal" between two sovereigns does not establish a prima facie case. (See id.) First, the dual sovereignty doctrine sanctions prosecution by two states for the same offense. Heath, 474 U.S. at 88. Thus, the fact that two states cooperated to achieve two such separate prosecutions is

lawful. Secondly, the law not only tolerates but encourages cooperation between law enforcement in different states. See Guzman, 85 F.3d at 828 ("Cooperative law enforcement efforts between independent sovereigns are commendable, and, without more, such efforts will not furnish a legally adequate basis for invoking the Bartkus exception to the dual sovereign rule."). The wrong occurs when one sovereign is "merely a tool" of the other. See id. at 826.

Nothing in Petitioner's evidence, however, suggests that one state "dominate[d]" the "prosecutorial machinery" of the other. See id. at 827. To the contrary, the evidence shows both states vigorously and independently investigating the crime and then prosecuting Petitioner to the extent of their respective laws. The fact that New York prosecuted Petitioner for murder and that Rhode Island prosecuted him for kidnapping is not, as Petitioner suggests, evidence of a nefarious conspiracy to commit an "end run" around the Double Jeopardy Clause. (See Objection 5.) Rather, the different charges reflect the evidence showing that the alleged offenses occurred in different locations. After all, the victim was kidnapped in Rhode Island, but his body was discovered in New York. That the Grand Juries in both states met during the same time period is, at best, evidence of cooperation during the states' criminal investigations. Finally, it is hardly suspect that both states gave Villalona immunity when she was an important witness to the alleged crimes.

In sum, this Court finds that Petitioner has not presented adequate evidence to support a prima facie case. See Guzman, 85 F.3d at 827. Further, this Court finds that an evidentiary hearing would not improve matters. Petitioner's meager evidence falls far short of raising a suspicion that the prosecution in Rhode Island is "a sham and a cover"

for prosecution by New York. See Bartkus, 359 U.S. at 124. At most, Petitioner's evidence suggests cooperation, which, as discussed, does not satisfy the standard for the Bartkus exception. See Guzman, 85 F.3d at 827-28. Thus, Petitioner's second objection also fails.

## V. Conclusion

Accordingly, the petition for habeas corpus is denied and dismissed.

SO ORDERED

Mary M. Lisi
Mary M. Lisi
United States District Judge
August 6, 2008